IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL TAYLOR, #K-74386, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-558-MJR |
| | ) |
| WARDEN GAETZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that the complaint may be dismissed in its entirety at this point

in the litigation.

**Facts:**

While Plaintiff was being transferred from Logan to Menard, he was seated with an inmate in a seat above a heater. The other inmate smashed into Plaintiff when the bus rounded corners, causing Plaintiff pain. The heater under the seat was also putting out a lot of heat, which caused Plaintiff to be uncomfortable, as it was burning his legs. Plaintiff informed Defendant Mitchell about the situation, and he was told that once the bus made its next stop the issue would be taken care of. Once the bus stopped, Defendant Mitchell stepped off the bus, and Plaintiff informed Defendant Ellsworth about the heater and asked if he could be moved. Defendant Ellsworth began to curse at Plaintiff and ultimately told him no. Defendant Mitchell then came back on the bus, and moved Plaintiff's seat mate to alleviate the smashing issue, but left Plaintiff in the seat with the heater.

Once situated at Menard, Plaintiff filed a grievance concerning the matter, which was denied by an unnamed grievance officer. Plaintiff filed the grievance with Defendant Gaetz, and it was again denied. Plaintiff then appealed the decision with the Administrative Review Board.

**Discussion:**

Plaintiff claims that he was subjected to cruel and unusual punishment when he was forced by Defendants Ellsworth and Mitchell to remain in his seat on the bus even though he had complained that the heater was making him uncomfortable. The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir.

1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *See Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society."  *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged

3

punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124.

In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.

In the case at bar, Plaintiff has not shown that he was at a serious risk for harm. At most Plaintiff alleges that sitting near the heater made him uncomfortable. However, prison conditions are not meant to be comfortable, and "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff's discomfort does not rise to the level of inhumane treatment that the Eighth Amendment was designed to prohibit. For this reason, this claim against Defendants Ellsworth and Mitchell is dismissed with prejudice.

Plaintiff further complains that Defendant Gaetz failed to adequately address his rights when he denied a grievance Plaintiff wrote concerning the incident. However, a plaintiff fails to state a claim upon which relief can be granted where he alleges simply that he disagrees with the outcome

4

of a grievance.  *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).  Here Plaintiff clearly had access to the grievance procedure, as he filed a grievance with Defendant Gaetz that was dismissed.  Plaintiff does not have a constitutional right to have grievances decided in his favor, and thus his disagreement with Defendant Gaetz's decision does not state an actionable claim.  Thus, this claim against Defendant Gaetz is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **GAETZ, ELLSWORTH** and **MITCHELL** are **DISMISSED** from this action with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). As there are no further claims remaining, this case is dismissed, and the Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

**Dated: February 11, 2011**

  /s/ MICHAEL J. REAGAN  
**U. S. District Judge**